IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANICE GREEN,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:12-cv-02148

ETHICON, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
### *(Plaintiff's Motion for Partial Summary Judgment)*

Pending before the court is the plaintiff's Motion for Partial Summary Judgment [ECF No. 65] wherein the plaintiff moves for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

## I.   Background

This action involves a Texas plaintiff who was implanted with mesh products manufactured by Ethicon, Gynecare Tension-free Vaginal Tape ("TVT"), on March 27, 2008. Am. Short Form Compl. [ECF No. 18] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more

than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II.  Legal Standards

### A.  Summary Judgment

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the

truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.  Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Green did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For

cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Green underwent the TVT implantation surgery in Texas. Thus, the choice-of-law principles of Texas guide the court's choice-of-law analysis.

The parties agree, as does the court, that these principles compel application of Texas substantive law to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Texas, and her implantation surgery occurred in Texas. Am. Short Form Compl. ¶ 11. Texas has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Texas substantive law to this case.

## III.    Analysis

The plaintiff argues she is entitled to summary judgment on the defendants' affirmative defenses related to contributory negligence, comparative fault, and/or comparative negligence of Ms. Green's physicians contained in ¶¶ 42, 45, 51, and 66 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Ethicon's Master Answer") [ECF No. 65-2] and ¶¶ 44, 47, 53, and

67 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson's Master Answer") [ECF No. 65-3]. Pltf.'s Mot. Partial Summ. J. 1–2. [ECF No. 65]. Ms. Green argues that her Motion should be granted because the defenses are without evidentiary support. Mem. Supp. Mot. Partial Summ. J., at 4–5, [ECF No. 66]. The defendants agree that this court should dismiss two of the affirmative defenses listed in their Master Answer to the extent they are based on the purported negligence of plaintiff's physicians, and Ethicon withdrew the defenses contained in ¶ 42 of Ethicon's Master Answer and ¶ 44 of Johnson & Johnson's Master Answer. Resp. Mem. Opp. Mot. Summ. J. 1 [ECF No. 78]. Accordingly, the plaintiff's Motion with regard to these defenses is **GRANTED**.

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, the plaintiff's Motion as to the remaining defenses is **DENIED**.

## IV.   Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiff's Motion for Partial Summary Judgment [ECF No. 65] is **GRANTED** to the extent that the affirmative defenses are based on the comparative and/or contributory fault of plaintiff's physicians. The court further **ORDERS** that the plaintiff's Motion is **DENIED** in all other respects.

5

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.


ENTER:      March 21, 2017


JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE